NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 14, 2020
Decided July 7, 2020

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2381

| | |
|---|---|
| ANTHONY M. LEE, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court <br> for the Western District of Wisconsin. |
| *v.* | No. 3:16-cv-00524-wmc |
| HEATH PARSHALL, <br>     *Defendant-Appellee*. | William M. Conley, <br> *Judge*. |

**O R D E R**

The plaintiff Anthony M. Lee filed a suit under 42 U.S.C. § 1983, alleging that the defendant Heath Parshall, a police officer for the City of LaCrosse, used excessive force during Lee's arrest in violation of Lee's constitutional rights. After a trial, the jury found in favor of Parshall, and Lee now appeals.

Lee raises two challenges regarding the trial. First, he argues that the district court's conduct of the voir dire was constitutionally deficient. In addition, he argues that the district court erred in refusing to allow testimony as to a subsequent excessive force claim against Parshall, which occurred a year after Parshall's interaction with Lee.

With respect to the voir dire, Lee challenges the questioning of the jurors as to issues of race, police and crime. Those issues were significant in the jury selection process because the claim of excessive force arose in the context of an arrest of Lee, an African-American, by Parshall, a white police officer. Lee challenges the district court's decision to conduct the questioning of the jurors during the voir dire, rather than allow the attorneys themselves to question the jurors. In addition, Lee argues that the court failed to adequately explore the potential jurors' implicit biases.

The right to an impartial jury does not require that the attorneys themselves conduct the questioning. The district court has discretion to determine the manner in which voir dire is conducted, and that can include the judge handling the questioning of the potential jurors. Prior to voir dire, Lee presented the court with a list of proposed questions for the potential jurors, including twenty-one questions regarding the police, ten questions regarding race, and four questions regarding crime, and many of those questions in each category included additional follow-up questions or subparts, which operated to roughly double the total number of questions. The judge agreed to question the jurors as to the attitudes both supportive and hostile to the police, and to explore both explicit and implicit bias as to race-related matters. The judge did not ask all of the questions proposed by Lee, noting that some of the proposed questions were open-ended and potentially inflammatory and that "one of my concerns being that I create a situation of cross-fertilization of prejudice that may arise."

It is well-established that the trial court has broad discretion as to the form and number of questions to be asked on voir dire. See *Ham v. South Carolina*, 409 U.S. 524, 527 (1973); *Turner v. Murray*, 476 U.S. 28, 37 (1986); see also *Gardner v. Barnett*, 199 F.3d 915, 920–21 (7th Cir. 1999) (en banc) (noting that "litigants do not have a right to have a particular question asked"). The relevant question under the Constitution is whether the investigation in the voir dire is "'reasonably calculated to resolve the doubts raised about the juror's impartiality.'" *Oswald v. Bertrand*, 374 F.3d 475, 481 (7th Cir. 2004) quoting *Dyer v. Calderon,* 151 F.3d 970, 974–75 (9th Cir. 1998) (en banc). Thus, "[i]n reviewing the voir dire process to determine if it was sufficient to detect or overcome racial bias on the venire, this court asks 'whether the procedure used for testing impartiality created a reasonable assurance that prejudice would be discovered if present.'" *United States v. Jones*, 188 F.3d 773, 777 (7th Cir. 1999), quoting *United States v. Guy*, 924 F.2d 702, 707 (7th Cir. 1991). "We review the district court's selection of questions to be posed at voir dire for an abuse of discretion." *Jones*, 188 F.3d at 777.

Our review of the district court's selection of questions in this case reveals no abuse of discretion. The court questioned the venire at length as to each person's potential bias regarding the police, race and crime. For instance, the questions as to race identified that the case involved an African-American man accusing a white police officer of excessive force, acknowledged the historical struggles in our country involving such scenarios, and asked the potential jurors whether it would be difficult for them to serve as an impartial juror. The court emphasized to the jurors that such difficulties with impartiality could go in either direction, and that they should respond if it would impact their ability to view the evidence in either way. The court further discussed the potential for implicit bias, and asked that anyone who was unwilling to examine their own views and how they might be predisposed to view the evidence one way or the other, even unconsciously, to respond at that time. By allowing the jurors to signal the potential impact of a bias "in either direction," the potential jurors would be able to signal a concern with partiality without identifying the nature of their bias – and whether it favored the plaintiff or the defendant—thus increasing the likelihood of an honest response. The court also asked the potential jurors whether they or people that they knew had been discriminated against, whether for race or other characteristics. The court similarly explored any potential biases relating to the police and crime, with seven questions as to the police and three as to crime. Throughout all of the questioning, the judge made it clear to the potential jurors that if they were uncomfortable responding in open court they could do so at sidebar, and some chose to do so.

Lee has not identified any particular questions that the court omitted which would elicit further information as to the bias of any potential juror. Instead, Lee challenges more generally the court's decision to question the jurors rather than to allow the attorneys to ask the questions, the use of close-ended questions and fewer open-ended ones, and the use of terms such as "credibility," "weigh" and "testimony" in the questions which Lee argues are problematic because they are terms that are defined in jury instructions. None of those allegations render the process unconstitutional in this case. The questioning by the district court, taken as a whole, meets the standard of reasonably extensive examination such that the parties would have a basis for an intelligent exercise of the right to challenge, and which would reasonably assure that bias or prejudice would be discovered. *Art Press, Ltd. v. W. Printing Mach. Co.*, 791 F.2d 616, 618–19 (7th Cir. 1986).  As such, the format and nature of the questioning fell within the court's discretion. Accordingly, Lee's constitutional challenge cannot succeed.

Lee's remaining claim fares no better. He argues that the district court should have allowed testimony as to a subsequent excessive force claim against Parshall, which occurred approximately a year *after* Parshall's interaction with Lee. He argues that under Federal Rule of Evidence 404(b), evidence of wrongs or other acts may be admissible to prove motive, opportunity, intent, knowledge and absence of mistake. Lee makes no argument as to how that incident, occurring a year after the one at issue here, could establish any of those states of mind as to the incident with Lee. In fact, he does not even describe the facts underlying that other incident, nor does he provide any argument as to how that incident relates to Parshall's state of mind in the incident with Lee. Lee merely states in a conclusory manner that the evidence is probative to show that Parshall had motive, opportunity, intent, knowledge and absence of mistake. Such "perfunctory and undeveloped arguments do not preserve a claim for our appellate review." *Ewell v. Toney*, 853 F.3d 911, 918 (7th Cir. 2017).

Accordingly, the decision of the district court is AFFIRMED.